IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : 3:20-CR-310 |
| | : (JUDGE MARIANI) |
| STEVEN WONG, | : |
| Defendant. | : |

## MEMORANDUM & ORDER

On December 9, 2020, Defendants Steven Wong, Cornelius Green, William Murphy, and Odaliz Wong were charged in a four-count indictment. (Doc. 1). On March 28, 2022, this Court granted Defendant Green's motion to sever Count 1, alleging Kidnapping in violation of 18 U.S.C. § 1201(a)(1) against Defendants S. Wong, Green, and Murphy, from the remaining Counts of the Indictment. (*See* Doc. 126). Trial of S. Wong is scheduled to commence on September 26, 2022.[1]

Presently before the Court are two *in limine* motions: The Government's "Motion *in Limine* to Impeach Defendant [Wong] with Prior Conviction" (Doc. 142) and Defendant Wong's "Motion in Limine to Preclude Reference to Defendant's Prior Criminal Record" (Doc. 217).

---

[1] Upon motion by the Government, and with the concurrence of Defendants S. Wong, Green, and Murphy, the Court severed S. Wong from Green and Murphy for purposes of trial on Count 1 of the Indictment. (*See* Doc. 183).

Both parties' motions address the admissibility under Federal Rule of Evidence 609[2] of Wong's 2007 conviction for Robbery with a Firearm in Charlotte County Court, Florida.[3]

Pursuant to Rule 609,

> (a) **In General.** The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
>
> (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
>
> . . .
>
> (B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and
>
> (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving--or the witness's admitting--a dishonest act or false statement.

---

[2] The Government's motion seeks, pursuant to Rule 609, to introduce evidence of Wong's Robbery conviction should Wong testify at trial. (Doc. 142, ¶¶ 4-5). Defendant's motion more broadly seeks to "preclude the Government from referencing or admitting evidence of Defendant's prior criminal record at trial." (Doc. 217). Although Defendant's brief in support of his motion references Rule of Evidence 404 in passing, it fails to offer any substantive law or argument as to the application of this Rule to the present case and focuses almost exclusively on Rule 609. In turn, the Government does not address the admissibility of any of Wong's convictions under Rule 404, focusing only on the robbery conviction's admissibility under Rule 609. In light of Defendant's failure to properly raise and address the applicability of Rule 404, and the Government's apparent concession that it only seeks to introduce the robbery conviction as impeachment evidence under Rule 609 should Wong testify at trial, the Court deems the only issue herein to be the admissibility of Wong's 2007 Robbery conviction under Rule 609.

[3] Although the Government's motion, and brief in opposition to Defendant's motion, assert that the Robbery conviction occurred in 2013 (*see e.g.*, Doc. 142, ¶ 5; Doc. 143, at 1-2; Doc. 220, at 2), the Government conceded at the pre-trial conference held on September 21, 2022, that the Robbery conviction occurred in 2007. Rather, in 2013, Wong violated his probation for the Robbery conviction and his probation was revoked. He thereafter was sentenced to an additional time of incarceration, resulting in his release from prison in January of 2019.

In addition, although Wong's motion seeks to have a 2007 robbery conviction and two 2002 larceny convictions precluded (Doc. 218), the Government asserts that it does not intend to introduce or reference any of Defendant's larceny convictions (Doc. 220, at 2). Thus, only Wong's 2007 Robbery conviction is at issue herein.

Fed. R. Evid. 609(a).[4]

In determining whether a prior conviction is admissible under Rule 609, important factors a District Court should consider are: "(1) the kind of crime involved; (2) when the conviction occurred; (3) the importance of the witness' testimony to the case; (4) the importance of the credibility of the defendant." *Gov't of V.I. v. Bedford*, 671 F.2d 758, 761 n.4 (3d Cir. 1982).

The Third Circuit has thoroughly explained how the Court should analyze these factors:

> When evaluating the first factor – the kind of crime involved – courts consider both the impeachment value of the prior conviction as well as its similarity to the charged crime. The impeachment value relates to how probative the prior conviction is to the witness's character for truthfulness. 5 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* § 609.06 [3][b] (2d ed.2011) [hereinafter *Weinstein's Federal Evidence* ]. Crimes of violence generally have lower probative value in weighing credibility, but may still be admitted after balancing the other factors. In contrast, crimes that by their nature imply some dishonesty, such as theft, have greater impeachment value and are significantly more likely to be admissible. *Id.*

> With respect to the similarity of the crime to the offense charged, the balance tilts further toward exclusion as the offered impeachment evidence becomes more similar to the crime for which the defendant is being tried. As the Fourth Circuit has explained:

>> Admission of evidence of a similar offense often does little to impeach the credibility of a testifying defendant while undoubtedly prejudicing him. The jury, despite limiting instructions, can hardly avoid drawing the inference that the past conviction suggests some probability that

---

[4] As noted by the Third Circuit, the language of Rule 609(a)(1)(B) "reflects a heightened balancing test and a reversal of the standard for admission under Rule 403." *United States v. Caldwell*, 760 F.3d 267, 286 (3d Cir. 2014).

3

> defendant committed the similar offense for which he is currently charged. The generally accepted view, therefore, is that evidence of similar offenses for impeachment purposes under Rule 609 should be admitted sparingly if at all.

*United States v. Sanders,* 964 F.2d 295, 297-98 (4th Cir.1992) (quoting *United States v. Beahm,* 664 F.2d 414, 418–19 (4th Cir.1981)); *see also Weinstein's Federal Evidence* § 609.05[3][d] ("[P]rior convictions for the same or similar crimes are admitted sparingly."); Wright & Gold, *Federal Practice and Procedure* § 6134, at 253 ("[T]he danger of unfair prejudice is enhanced if the witness is the accused and the crime was similar to the crime now charged, since this increases the risk that the jury will draw an impermissible inference under Rule 404(a)."); *cf. United States v. Hans,* 738 F.2d 88, 94 (3d Cir.1984) (finding that district court did not abuse its discretion by excluding evidence of prior crime because it was "too similar" to the charged offense).

The second factor is the age of the prior conviction. Convictions more than ten years old are presumptively excluded and must satisfy the special balancing requirements in Rule 609(b) to overcome this presumption. But even where the conviction is not subject to the ten-year restriction, "the passage of a shorter period can still reduce [a prior conviction's] probative value." Wright & Gold, *Federal Practice and Procedure* § 6134, at 258. The age of a conviction may weigh particularly in favor of exclusion "where other circumstances combine with the passage of time to suggest a changed character." *Id.* For example, a prior conviction may have less probative value where the defendant-witness has maintained a spotless record since the earlier conviction or where the prior conviction was a mere youthful indiscretion. Conversely, the probative value of an older conviction may remain undiminished if the defendant was recently released from confinement or has multiple intervening convictions, both of which could suggest his character has not improved. *See id.* § 6134, at 259 (collecting cases).

The third factor inquires into the importance of the defendant's testimony to his defense at trial. "The tactical need for the accused to testify on his or her own behalf may militate against use of impeaching convictions. If it is apparent to the trial court that the accused must testify to refute strong prosecution evidence, then the court should consider whether, by permitting conviction impeachment, the court in effect prevents the accused from testifying." Glenn Weissenberger & James J. Duane, *Weissenberger's Federal Evidence* § 609.2 (4th ed.2001); *see also Weinstein's Federal Evidence* § 609.05[3][e] ("A

4

> defendant's decision about whether to testify may be based in part on whether his prior convictions will be admitted for impeachment purposes. Thus, the fact that a defendant's testimony is important to demonstrate the validity of his or her defense constitutes a factor weighing against the admission of a prior conviction."). "If, on the other hand, the defense can establish the subject matter of the defendant's testimony by other means, the defendant's testimony is less necessary, so a prior conviction is more likely to be admitted." *Weinstein's Federal Evidence* § 609.05[3][e]; *see also United States v. Causey*, 9 F.3d 1341, 1344 (7th Cir.1993) (noting that prejudicial impact diminished where defendant "did not obviously need to testify to raise his various defenses" because several other defense witnesses provided the same testimony).
>
> The final factor concerns the significance of the defendant's credibility to the case. "When the defendant's credibility is a central issue, this weighs in favor of admitting a prior conviction." *Weinstein's Federal Evidence* § 609.05 [3][f]. *See United States v. Johnson*, 302 F.3d 139, 153 (3d Cir.2002) (affirming admission of prior conviction under Rule 609(a) because the defendant's credibility was important). Conversely, the probative value of a defendant's prior conviction may be diminished "where the witness testifies as to inconsequential matters or facts that are conclusively shown by other credible evidence." Wright & Gold, *Federal Practice and Procedure* § 6134, at 258.

*United States v. Caldwell*, 760 F.3d 267, 286-288 (3d Cir. 2014).[5]

Here, both parties' motions with respect to the introduction of Defendant Wong's prior Robbery conviction, or preclusion of any reference thereof, under Rule 609 are premature where it is unknown whether Defendant Wong will testify at trial. Should the

---

[5] In setting forth the four-factor balancing test, the Third Circuit "acknowledge[d] the tension between the related third and fourth factors", i.e. the apparent tension between the importance of the defendant's testimony to the case with the importance of the credibility of the defendant, but nonetheless concluded that "these factors have long been accepted as independent components of the Rule 609(a)(1) balancing inquiry and we conclude that they should continue to inform the district court's admissibility determination." *Caldwell*, 760 F.3d at 287 n.14.

5

defendant choose to testify in his own defense, the parties' requests to introduce, or preclude, the prior Robbery conviction will be subject to timely renewal by the moving party.

**ACCORDINGLY, THIS 23RD DAY OF SEPTEMBER, 2022, IT IS HEREBY ORDERED THAT:**

1. The Government's "Motion *in Limine* to Impeach Defendant [Wong] with Prior Conviction" (Doc. 142) is **DENIED WITHOUT PREJUDICE**.

2. Defendant Wong's "Motion in Limine to Preclude Reference to Defendant's Prior Criminal Record" (Doc. 217) is **DENIED WITHOUT PREJUDICE**.

*[Signature]*

Robert D. Mariani
United States District Judge